UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MASIH H. MUHAMMAD,

      Plaintiff,

v.                                              Case No. 1:08-cv-494
                                              Hon. Robert J. Jonker

UNITED STATES GOVERNMENT,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is now before the court on defendant's motion to dismiss the present action for lack of jurisdiction (docket no. 8). Defendant's motion is unopposed.

### I.    Plaintiff's complaint

Plaintiff filed a three-sentence, handwritten complaint alleging that "the federal government is [actively] guilty of discriminatory racism in its denial of my Social Security Benefits" and that its agencies "are to [sic] Racist toward Muslims and African so-called Americans." Docket no. 1. Plaintiff's complaint also includes a random listing of organizations and individuals: Spectrum Health Hospital, the Commissioner of the Social Security Administration, the Grand Rapids Police Department, and "Michigan Attornies etc." He does not seek any remedy. The civil cover sheet filed with the complaint describes plaintiff's claim as "racist discrimination," characterizing the nature of his suit as involving "banks and banking statutes" and "constitutionality of state statutes." *See* docket no. 1-2.

The present action is related to another action filed by plaintiff, *Masih H. Muhammad v. Commissioner of Social Security*, No. 1:08-cv-349 (W. D. Mich.) ("*Muhammad I*"). *Muhammad*

*I* involved a pre-printed form complaint for judicial review of an adverse decision by the Social Security Administration (the "Agency") pursuant to 42 U.S.C. § 405(g). *See Muhammad I* (docket no. 1). The Court dismissed *Muhammad I* on February 26, 2009, for lack of subject matter jurisdiction, because plaintiff had failed to exhaust the administrative remedies available to him at the Agency. *See Muhammad I* (docket nos. 12, 14).

The court has a duty to read a *pro se* plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987). However, the leniency granted to a *pro se* plaintiff is not boundless. *Martin v. Overton*, 381 F.3d 710, 714 (6th Cir. 2004). While pro se plaintiff is treated to less stringent standards, he is not automatically entitled to take every case to trial, nor does the court's liberal construction of pleadings "require the court to conjure allegations on a litigant's behalf." *Id.* In this case, plaintiff's complaint ostensibly alleges "discriminatory racism" which resulted in the Agency's denial of Social Security benefits. Plaintiff does not set forth a statement of the claim which suggests anything more than unfair treatment by the Agency which resulted in the denial of benefits. Plaintiff's claim, like other claims of unfair treatment by the Agency (e.g., bias by the reviewing Administrative Law Judge or arbitrary application of a rule), can ultimately be remedied by an award of benefits. It appears that plaintiff's complaint is nothing more than a second attempt to appeal the denial of his Social Security benefits.[1]

---

[1] If the court did not view plaintiff's complaint as appealing the Agency's denial of benefits, then the complaint would fail to state a claim for any relief. Plaintiff's complaint fails to meet the minimal requirements for a complaint as set forth in Fed. R. Civ. P. 8(a)-(c), i.e., there is no statement of grounds for the court's jurisdiction, there is no statement of claim showing that plaintiff is entitled to relief, and there is no demand for the relief sought.

**II.     Discussion**

Defendants allege that this appeal should be dismissed for lack of jurisdiction. The court agrees and adopts the following analysis of the exhaustion issue as set forth in *Muhammad I*:

> On January 9, 2008, an Administrative Law Judge (ALJ) issued a decision denying plaintiff's claims for a period of disability, disability insurance benefits, and supplemental security income. *See* Declaration of Earnest Baskerville attached to defendant's motion. Plaintiff filed a request for Appeals Council review on January 10, 2008. *Id.* . . . Defendant contends that plaintiff's complaint should be dismissed because he failed to exhaust his administrative remedies and did not obtain a judicially reviewable final decision. The court agrees.
>
> The court views this motion as brought pursuant to Fed. Rules Civ. Proc. 12(b)(1) for lack of subject matter jurisdiction. "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). Here, defendant has provided a factual basis to demonstrate that this court lacks jurisdiction.
>
> Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides in pertinent part:
>
>> Any individual after any <u>final decision of the Commissioner made after a hearing to which he was a party</u> . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.
>
> 42 U.S.C. § 405(g) (emphasis added). Section 405(g) "clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Although § 405(g) limits review to a "final decision of the Commissioner," that term is not defined in the statute. *See Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Nevertheless, the regulations provide that a claimant must complete a four-step administrative review procedure to obtain a judicially reviewable final decision of a claim for benefits: (1) initial determination; (2) reconsideration; (3) hearing before an administrative law judge; and, (4) Appeals Council review. *See* 20 C.F.R. §§ 404.900(a)(1)-(4); 416.1400(a) (1)-(4). When a claimant has completed these four steps, the agency "will have made [its] final decision" and the claimant "may request judicial review by filing an action in a Federal district court." *See* §§ 404.900(a)(5); 416.1400(a)(5). Thus, to enable a federal district court to review decisions of the

> Commissioner pursuant to § 405(g), the claimant must exhaust his administrative remedies and the Commissioner must issue a final decision. *Pohlmeyer v. Secretary of Health and Human Services*, 939 F.2d 318, 320 (6th Cir. 1991).
>
> Here, the ALJ's decision is pending before the Appeals Council for review. The Commissioner has not yet issued a final decision for this court to review pursuant to § 405(g). *See Pohlmeyer*, 939 F.2d at 320. Accordingly, defendant's motion to dismiss for lack of jurisdiction should be granted.

*Muhammad I* (docket no. 12) at pp. 1-3 (footnote omitted).

Finally, the court may waive exhaustion in "certain special cases" where a plaintiff raises a claim that is "wholly collateral" to his claim for benefits and where the plaintiff makes "a colorable showing that his injury could not be remedied by the retroactive payment of benefits after exhaustion of his administrative remedies." *Heckler v. Ringer*, 466 U.S. 602, 617-618 (1984). Plaintiff's allegation of discriminatory racism does not present the two elements necessary for consideration as a "special case." First, the alleged discrimination is not collateral to the denial of Social Security benefits, but rather is identified as the cause for the Agency's denial of benefits. Second, plaintiff has failed to make a colorable showing that his injury could not be remedied by the retroactive payment of benefits. Accordingly, there is no basis to waive the exhaustion requirement in this case.

### III.     Recommendation

For these reasons, I respectfully recommend that defendant's motion to dismiss for lack of jurisdiction (docket no. 8) be **GRANTED**.

Dated: April 10, 2009                             /s/ Hugh W. Brenneman, Jr.
                                                  HUGH W. BRENNEMAN, JR.
                                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).